CELIA McGUINNESS, ESQ. (SBN 159420)
cmcguinness@dmglawfirm.com
eservice@dmglawfirm.com
DEBORAH GETTLEMAN, ESQ. (SBN 267309)
dgettleman@dmglawfirm.com
DERBY, McGUINNESS & GOLDSMITH, LLP
1999 Harrison Street, Suite 1800
Oakland, CA 94612
Telephone: (510) 987-8778
Facsimile: (510) 359-4414

Attorneys for Plaintiff
SUMAYA MUGHANNAM

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMAYA MUGHANNAM<br><br>Plaintiff,<br><br>v.<br><br>BADII, LLC, a California Limited Liability Company, and GREGORY BOOTH MAPLES, an Individual.<br>Defendants. | CASE NO.<br><br><u>Civil Rights</u><br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>1. **Violation of the Americans with Disabilities Act**<br><br>2. **Violation of the Disabled Persons Act**<br><br>3. **Violation of the Unruh Civil Rights Act**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

Defendants Gregory Booth Maples and his business Defendant Badii, LLC, who jointly and severally own and operate the Jaded Toad BBQ & Grill, have discriminated against Plaintiff Sumaya Mughannam, a person with a disability, by refusing to allow her service dog in the restaurant, asserting the restaurant prohibits all dogs without exception. Defendant Maples refused Plaintiff service, refused to listen to Plaintiff's explanation that the ADA allows her to bring her service dog into restaurants, and told her to call the police if she didn't like it.

Defendants also ignored her pre-litigation efforts to provide them information about service dog rights under the law.  Defendants' behavior violated Plaintiff's civil rights and caused Plaintiff great embarrassment and distress. She seeks an injunction to order Defendants into compliance with federal and state law, and damages.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331. This Court has jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claims arose within this District and Defendant's business is located in this District.

## PARTIES

3. At all times herein relevant, Ms. Mughannam was a person with a disability as defined by state and federal law. 42 U.S.C. § 12102; Cal. Gov't Code § 12926(l).  She has been diagnosed with a mental health condition that substantially affects her ability to perform major life activities, including mental, social, and work activities such as handling daily routines and going into public.  She cannot perform these activities in the same manner and duration as the average person.  Moreover, she has a history of, has been diagnosed with and is classified as having a mental health condition.  Her doctor has recommended that she use a psychiatric service dog to ameliorate the symptoms of her condition.

4. Ms. Mughannam's service dog, Jax, is individually trained to do work that is directly related to Ms. Mughannam's disability. Jax performs a task called "grounding" that is a common and usual psychiatric service dog task.

5. Defendant Badii, LLC, is, and at all times mentioned herein was, a domestic corporation existing and/or doing business under the laws of the State of California.  It owns and operates The Jaded Toad BBQ and Grill in Cotati, California, which is a public accommodation open to the public under federal and state law. It operates as a business establishment under California law because it provides goods, services and facilities in exchange for money.

6. Defendant Gregory Booth Maples ("Maples") is the owner of Defendant Badii,

LLC, and the owner and operator of the The Jaded Toad BBQ and Grill, ("The Jaded Toad") through the LLC.  He is listed at the Secretary of State's office as the sole member of Defendant Badii, LLC.  On information and believe, based upon information available to the public, Defendant Maples controls Defendant Badii, LLC and controls the operations of The Jaded Toad.

7. Plaintiff is informed and believes that each of the Defendants herein is the agent, servant, employee, representative, joint venturer and/or common enterprise affiliate of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity or joint venture or common enterprise, and is responsible, in some manner, for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

8. Plaintiff is informed and believes, and on that basis alleges, that each of the named Defendants and each of the fictitiously named Defendants are legally responsible in some manner for the occurrences herein alleged, and that the injuries as alleged herein were caused by the acts and/or omissions of such Defendants.  Adherence to the fiction of the separate existence of these certain Defendants as an entity distinct from certain other Defendants would permit an abuse of the corporate privilege and would sanction fraud and/or promote injustice.

9. This complaint is pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

**FACTUAL ALLEGATIONS**

<u>The Jaded Toad Discriminated against Ms. Mughannam</u>

10. On or about March 23, 2022, Ms. Mughannam went to The Jaded Toad with family and friends.  Ms. Mughannam had been to the restaurant several times.  She likes the food and the atmosphere, and that it is family friendly.  On all previous occasions she had brought her service dog with her, without incident.

11. On this occasion, when the waitress came over to the table she told Ms. Mughannam that dogs were not allowed in the restaurant. Ms. Mughannam explained that Jax is

a service dog, not a pet.  The waitress told her there were no exceptions.  When Ms. Mughannam objected, the waitress told her to go talk to the owner, who was sitting at the bar.  Ms. Mughannam was embarrassed that her whole party's outing was being held up, but she went to talk to the owner to work out the issue so they could go on with their plan for a pleasant outing.

12. Ms. Mughannam approached the owner at the bar, Defendant Maples, and asked him if he were the owner.  He confirmed he was.  Ms. Mughannam tried to explain that the Americans with Disabilities Act permits service dogs to be in restaurants. Defendant Maples asked her what her disability was.  She told him that he could not ask that question, only two specific questions about whether her dog was a service dog for a disability and what task it performed.  Defendant Maples cut her off, refusing to listen to her explanation of the law.  He said the restaurant's policy is no dogs, no exceptions.  He told her that if she didn't like it, she should call the police.  During this conversation there were people all around, listening to the conversation.

13. Ms. Mughannam did call the police, who came and spoke with both her and Defendant Maples.  They came back to her and said that they could not force Defendant Maples to allow a service dog because it was a civil matter.

14.  Ms. Mughannam left The Jaded Toad, feeling exposed and unwanted as a person with a disability, and responsible that her family and friends' outing had been ruined because of her disability-related needs.

15. Subsequently, Ms. Mughannam reached out to The Jaded Toad via a Direct Message on its FaceBook page, providing it with information from the United States Department of Justice about the rights of service dog users in restaurants, in hopes she could educate Defendant Maples.  She received an automated response, "Thanks for messaging us.  We try to be as responsive as possible.  We'll get back to you soon."  But no one ever responded.

16. Ms. Mughannam experienced humiliation, embarrassment, frustration and other kinds of distress because of Defendant's insensitive and illegal conduct. As a result, Plaintiff seeks general damages in an amount according to proof.

17. Based upon the conduct alleged above, Ms. Mughannam is informed and believes

1  that Defendant's behavior is intentional, and that it maintains discriminatory policies and
2  practices in conscious disregard of his civil rights and others similarly situated.

**FIRST CLAIM FOR RELIEF**
**(For Violations of The Americans with Disabilities Act)**

18. Ms. Mughannam re-pleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in the preceding paragraphs.

19. Title III of the Americans with Disabilities Act ("ADA") prohibits discrimination on the basis of disability by places of public accommodation, such as The Jaded Toad. 42 U.S.C. § 12182.

20. Defendant Badii, LLC, owns, leases, and/or operates The Jaded Toad, a restaurant, which is a public accommodation under the ADA.

21. Defendant Maples owns, leases, and/or operates The Jaded Toad, a restaurant, which is a public accommodation under the ADA.

22. As owners and operators of a place of public accommodation, Defendants are required to provide Ms. Mughannam, as a disabled person, "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" of the business.

23. Defendants refused to serve Ms. Mughannam based solely as her status as a person with a disability who uses a service dog.

24. As a result, Ms. Mughannam was denied full and equal enjoyment of and access to Defendants' goods, services, facilities, privileges, advantages or accommodations in violation of the ADA.

25. Defendants' discriminatory conduct is capable of repetition, which adversely impacts Ms. Mughannam and a substantial segment of the disability community.  Ms. Mughannam has no adequate remedy at law to redress the discriminatory conduct of Defendants. Ms. Mughannam desires to return to the Jaded Toad but is deterred from doing so because of Defendants' discriminatory policies, practices and procedures. She would return if she were certain that its discriminatory policies and practices had ended and her service dog would be accepted. An injunction is necessary to ensure that the illegal policies and practices are changed

and do not recur.

## SECOND CLAIM FOR RELIEF
### (For Violations of The California Disabled Persons Act)

26.   Ms. Mughannam re-pleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in the preceding paragraphs.

27.   The Disabled Persons Act provides that physically disabled persons are not to be discriminated against because of their physical disabilities and that they are entitled to the same equal access as other members of the general public to places of public accommodation, such as The Jaded Toad. Cal. Civil Code § 54.1 (a)(1).

28.   Defendants refused to serve Ms. Mughannam at their restaurant based entirely on her status as a person with a disability who used a service dog, and in so doing, violated the Disabled Persons Act.

29.   A violation of the ADA also constitutes a violation of the Disabled Persons Act. Civil Code § 54.1(d).

30.   As a result of Defendants' discriminatory conduct, Ms. Mughannam has suffered emotional distress, including mental anguish, violation of her civil rights and loss of dignity. Accordingly, Ms. Mughannam is entitled to recover compensatory damages under the DPA, including actual, statutory and treble damages.

## THIRD CLAIM FOR RELIEF
### (For Violations of The Unruh Civil Rights Act)

31.   Ms. Mughannam re-pleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in the preceding paragraphs.

32.   The Unruh Act prohibits discrimination against physically disabled persons on account of their disabilities and guarantees them full and equal access to "all business establishments of every kind whatsoever." Cal. Civil Code § 51.

33.   The Jaded Toad is a business establishment because it provides goods and services, namely food, drink and associated amenities, in exchange for money.

34.   Defendants refused to serve Ms. Mughannam at their restaurant based entirely on

her status as a person with a disability who used a service dog, and in so doing, violated the Unruh Act.

35. Defendants' denial of services to Ms. Mughannam was knowing and intentional. Both the waitress and Defendant Maples, the owner of The Jaded Toad and sole member of Defendant Badii, LLC, expressly told Ms. Mughannam that the restaurant did not permit dogs, "no exceptions." When given three opportunities to reconsider that position, Defendants stubbornly maintained their discriminatory policy.

36. A violation of the ADA also constitutes a violation of the Unruh Act. Cal. Civil Code § 51(f).

37. Defendants' discriminatory conduct is capable of repetition, which adversely impacts Ms. Mughannam and a substantial segment of the disability community. Ms. Mughannam has no adequate remedy at law to redress the discriminatory conduct of Defendants. Ms. Mughannam desires to return to the Jaded Toad but is deterred from doing so because of Defendants' discriminatory policies, practices and procedures. She would return if she were certain that its discriminatory policies and practices had ended and her service dog would be accepted. An injunction is necessary to ensure that the illegal policies and practices are changed and do not recur.

38. As a result of Defendants' discriminatory conduct, Ms. Mughannam has suffered emotional distress, including mental anguish, violation of her civil rights and loss of dignity. Accordingly, Ms. Mughannam is entitled to recover compensatory damages under the Unruh Act, including actual, statutory and treble damages.

WHEREFORE, Ms. Mughannam prays for relief as stated below.

**PRAYER FOR RELIEF**

A. For an order enjoining Defendants, their agents, officials, employees and all persons acting in concert with them:

    a. From continuing the unlawful acts, conditions and practices described in this Complaint;

      b. To train Defendant Maples and The Jaded Toad's employees and agents in how to accommodate the rights and needs of disabled persons;

      c. To implement nondiscriminatory protocols, policies and practices.

   B. Ms. Mughannam does not seek injunctive relief under Cal. Civ. Code § 55.

   C. Award to Ms. Mughannam appropriate damages, including but not limited to statutory damages, general damages, treble damages and punitive damages, all according to proof;

   D. Award to Ms. Mughannam all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by federal and state law;

   E. Grant such other and further relief as this Court may deem just and proper.

Date: November 9, 2022           DERBY, McGUINNESS & GOLDSMITH, LLP

                            */s/ Celia McGuinness*
                            By CELIA McGUINNESS, Esq.
                            Attorneys for Plaintiff
                            SUMAYA MUGHANNAM

## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Date: November 9, 2022           DERBY, McGUINNESS & GOLDSMITH, LLP

                            */s/ Celia McGuinness*
                            By CELIA McGUINNESS, Esq.
                            Attorneys for Plaintiff
                            SUMAYA MUGHANNAM